JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tina Ward

### DEFENDANTS
State Farm Indemnity Company

**(b)** County of Residence of First Listed Plaintiff: Camden County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: McLean County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Simon & Simon, PC
1818 Market St., Suite 2000 Philadelphia, PA 19103
MarcSimon@Simonpc.com, (215) 467-4666

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 03/29/2021
SIGNATURE OF ATTORNEY OF RECORD: *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT FOR THE
FEDERAL DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tina Ward<br>6 Hickory Ct.<br>Sicklerville, NJ 08081<br><br>         Plaintiff<br><br>v.<br><br>State Farm Indemnity Company<br>One State Farm Plaza<br>Bloomington, IL 61710<br>         Defendant | No._____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

## PARTIES

1.      Plaintiff, Tina Ward, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

2.      Defendant, State Farm Indemnity Company, is a corporate entity authorized to conduct business in the State of Illinois, with a business address at the address listed in the caption of this Complaint.

3.      Defendant, State Farm Indemnity Company, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the State of New Jersey, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the parties and subject matter of this Civil Action.

5. The Defendant, is a corporate entity in the State of Illinois and regularly conducts business in New Jersey.

6. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

8. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

9. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

11. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

12. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Philadelphia, Pennsylvania, which is in this federal judicial district.

13. On or about December 1, 2019, at approximately 6:30 p.m., Plaintiff, was the operator of a motor vehicle which was traveling at or near the intersection of S 63rd St. & Dicks Ave., in Philadelphia, PA.

14. At or about the same date and time, tortfeasor, Tyrease White, was the operator of a motor vehicle which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

15. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision with the Plaintiff's vehicle.

16. The aforesaid motor vehicle collision was caused by the tortfeasor negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end Plaintiff's vehicle.

17. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

18. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the neck, both shoulders and right knee, as set forth more fully below.

## COUNT I
### Tina Ward v. State Farm Mutual Indemnity Company
### Uninsured Motorists Coverage

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence, carelessness, of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a. Rear-ending Plaintiff's vehicle;

    b. Failing to yield the right-of-way;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

    d. Failing to maintain proper distance between vehicles;

e. Operating said vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

f. Failing to have said vehicle under proper and adequate control;

g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h. Violation of the "assured clear distance ahead" rule;

i. Failure to keep a proper lookout;

j. Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

k. Being inattentive to his/her duties as an operator of a motor vehicle;

l. Disregarding traffic lanes, patterns, and other devices;

m. Driving at a high rate of speed which was high and dangerous for conditions;

n. Failing to remain continually alert while operating said vehicle;

o. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q. Failing to exercise ordinary care to avoid a collision;

r. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      s.      Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

      t.      Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      u.      Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

21.     As a direct and consequential result of the negligent, careless, conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the neck, both shoulders and right knee, all to Plaintiff's great loss and detriment.

22.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the carelessness, negligence, of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24.     As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor was insured with a basic insurance policy through State Farm Indemnity Company, and thus the Plaintiff has no viable third-party insurance coverage available for this loss, and thus an Uninsured Motorist claim arises by operation of law, and plaintiff asserts same against the defendant and his/her insurer, State Farm Indemnity Company.

26. Accordingly, Plaintiff asserts an Uninsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Tina Ward, demands judgment in Plaintiff's favor and against defendant, State Farm Indemnity Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Tina Ward v. State Farm Indemnity Company
### Underinsured Motorists Coverage
### (IN THE ALTERNATIVE)

27. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

28. The negligence and/or carelessness of the Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a. Rear-ending Plaintiff's vehicle;

    b. Failing to yield the right-of-way;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

    d. Failing to maintain proper distance between vehicles;

    e. Operating said vehicle in a negligent and/or careless manner so as to rear-end Plaintiff's vehicle without regard for the rights or safety of plaintiff or others;

f. Failing to have said vehicle under proper and adequate control;

g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h. Violation of the "assured clear distance ahead" rule;

i. Failure to keep a proper lookout;

j. Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

k. Being inattentive to his/her duties as an operator of a motor vehicle;

l. Disregarding traffic lanes, patterns, and other devices;

m. Driving at a dangerously high rate of speed for conditions;

n. Failing to remain continually alert while operating said vehicle;

o. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q. Failing to exercise ordinary care to avoid a rear-ending collision;

r. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    t. Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

  29. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including to the neck, both shoulders and right knee, all to Plaintiff's great loss and detriment.

  30. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

  31. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

  32. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

  33. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were

insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

34. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance, under Policy Number 004 4639-E28-30O which included coverage for underinsured motorist coverage applicable to Plaintiff.

35. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against defendant, State Farm Indemnity Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

                                        SIMON & SIMON, P.C.

BY: _____*Marc Simon*_____
                 Marc I. Simon, Esquire